```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| DWIGHT TURLINGTON, | HON. JEROME B. SIMANDLE |
| Petitioner, | Civil No. 06-51 (JBS) |
| v. | Cr. No. 02-673-5 (JBS) |
| UNITED STATES OF AMERICA, | **OPINION** |
| Respondent. |  |

APPEARANCES:

Dwight Turlington, # 40582-050
F.C.I. Fairton
P.O. Box 420
Fairton, NJ 08320
    Petitioner Pro Se

Christopher Christie
United States Attorney
By:  William Fitzpatrick
    Assistant U.S. Attorney
401 Market Street, 4th Floor
Camden, NJ 08101
    Attorney for Respondent

**SIMANDLE**, District Judge:

## I. INTRODUCTION

Petitioner Dwight Turlington was sentenced by the undersigned to a term of imprisonment of 84 months, less than one-third of the time the Federal Sentencing Guidelines recommended, due to his substantial assistance to the Government. According to a written plea agreement, Petitioner pled guilty to one count of conspiracy to distribute more than 50 grams of cocaine base, which is crack cocaine, in violation of 21 U.S.C.

§§ 841(a)(1), 841(b)(1)(A), and 846. (Govt. Ex. 1.) Although he waived his right to collateral attack in that plea agreement, Petitioner now brings this pro se habeas corpus petition pursuant to 28 U.S.C. § 2255. (Plea Agrmt. at 8, Govt. Ex. 4.) He argues that he is entitled to re-sentencing under United States v. Booker, 543 U.S. 220 (2005), because the Court erroneously enhanced his sentence based upon facts that were not stipulated to by Petitioner nor found by a jury. (Pet'r. Br. at 4.) The application will be dismissed because it is procedurally barred and because Petitioner knowingly and voluntarily waived his right to post-conviction relief under § 2255. Additionally, Petitioner's claims would fail even if considered on the merits.

**II. BACKGROUND**

Petitioner was arrested in September 2002 as part of a seven-member cocaine ring based in Camden, New Jersey. Petitioner purchased powder cocaine from a co-conspirator and processed it, turning it into crack cocaine for resale to his customers. (Presentence Rep. ¶ 33, Govt. Ex. 5.)

On November 13, 2002, Petitioner pled guilty to a one-count indictment, which charged him with conspiracy to distribute more than 50 grams of cocaine base, or crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. (See Govt. Ex. 1.) The cooperating plea agreement included stipulations that Petitioner was accountable for at least 150 grams, but less than

500 grams, of crack cocaine. (Plea Agrmt. at 8.)

The plea agreement required Petitioner to truthfully testify in grand jury and trial proceedings and assist in ongoing investigations. (Id. at 2). At the time Petitioner submitted his plea, two members of his drug ring remained fugitives. (Presentence Rep. ¶¶ 15, 20.) If he provided substantial assistance, the Government promised to file a motion for a sentence reduction pursuant to § 5K1.1 of the Federal Sentencing Guidelines and 18 U.S.C. § 3553(e). (Plea Agrmt. at 2.) The agreement further stipulated that Petitioner waived his rights "to file any appeal, any collateral attack. . . or motion under 28 U.S.C. § 2255" if the sentence imposed by the Court was equal to or less than a sentence for a Level 34 offense. (Id. at 8.)

At Petitioner's plea hearing, the Court had Petitioner re-read the portion of his plea agreement in Stipulation 5 that conditionally waived his right to seek § 2255 relief (see Plea Agrmt. at 8), and Petitioner acknowledged he had discussed this waiver with his attorney. (Plea Hr'g Tr., Govt. Ex. 3, at 28:17 to 29:1.) This Court then conducted a lengthy colloquy with Petitioner during which he acknowledged that he fully understood the plea agreement and voluntarily agreed to its terms. (Id.):

> THE COURT: Is it your own personal decision to plead guilty?
> DEFENDANT: Yes.
> THE COURT: Has anyone else told you that you've got to plead guilty?
> DEFENDANT: No, sir.

> THE COURT: And are you pleading guilty of your own free will?
> DEFENDANT: Yes, sir.
>
> * * *
>
> THE COURT: Do you understand that there's another kind of right which is called the right to file for post-conviction relief under Section 2225, in other words, within a year after a conviction becomes final, a federal prisoner could file a 2255 motion. That motion comes to me as the sentencing judge, and within that motion you would be asking me to take a second look at your conviction and your sentencing to determine whether any of it was invalid under the Constitution or federal law. Do you understand that's the nature of a 2255 right?
> DEFENDANT: Yes, your honor.
> THE COURT: Am I correct that as part of your guilty plea, you wish to give up that right so long as your sentence is determined by Level 34 or less?
> DEFENDANT: Yes...
> THE COURT: ... A Level 34 sentence includes some very lengthy ranges that you can read. Going all way up to Offense Level 34, Criminal History Category VI, the range could be as much as 262 to 327 months. Do you understand that?
> DEFENDANT: Yes.
>
> * * *
>
> THE COURT: Do the attorneys believe that Mr. Turlington's answers are a knowing and intelligent waiver of his right to appeal and his right to file a 2255?
> MR: FITZPATRICK: Yes, sir.
> MR. COUGHLIN: Yes, your Honor.
> THE COURT: And I too believe that's so.

(<u>Id.</u> at 10:4-12, 29:15-31:2, 31:19-24.)

On February 19, 2004, this Court conducted Petitioner's sentencing hearing. (J. Order, February 20, 2004, Govt. Ex. 6.) The Court adopted the findings in the Presentence Investigation Report, which categorized Petitioner as a career offender under

4

criminal history category VI of the Federal Sentencing Guidelines, and recommended a sentence of 262 to 327 months of imprisonment for his Total Offense Level of 34.  (See Presentence Rep. ¶ 155.)  The Court granted the Government's motion for downward departure for substantial assistance and sentenced Petitioner to less than one-third of that recommended time, 84 months imprisonment.  (See J. Order, February 20, 2004.)  The Judgment was entered on February 20, 2004.

Petitioner did not appeal.  On January 6, 2006, nearly two years after his conviction, Petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. [Docket Item No. 1].

### III. Discussion

#### A. Petitioner's Claim Is Procedurally Barred

Petitioner's application is procedurally barred by the statute of limitations.  The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") places strict limitations on habeas petitions, one of which is that a prisoner has just one year to file a request for relief under § 2255.  Section 2255 provides that the one-year limitations period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by

>such governmental action;
>
>(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

In this case, the one-year limitations period began to run on the date Petitioner's conviction became final. Petitioner has not alleged there was any unconstitutional Government action impeding him from filing his application, nor that any new facts have arisen to support his claim. Although Petitioner argues that his sentence should be vacated because of the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), the Third Circuit Court of Appeals has ruled that the Booker holding does not apply retroactively. In re Olopade, 403 F.3d 159, 162 (3d Cir. 2005) (noting that "the Supreme Court must have explicitly held, or two or more of its decisions when read together must absolutely dictate, that a particular rule is retroactively applicable to cases on collateral review... It is clear that the Supreme Court has not expressly held that Booker is applicable to cases on collateral review."); Lloyd v. United States, 407 F.3d 608 (3d Cir. 2005) (also ruling Booker is not retroactive). Therefore, the holding of the Booker decision is

6

not relevant to Petitioner's case.

When a defendant does not "pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final, and the statute of limitations begins to run, on the date on which the time for filing such an appeal expired." Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999). According to Fed. R. App. P. 4(b)(1)(A)(i), a defendant convicted in the District of New Jersey has 10 days from the entry of the judgment within which to file a direct appeal to the Third Circuit.

Because Petitioner never filed a direct appeal, his conviction became final on March 5, 2004, 10 business days after the entry of judgment on February 20, 2004.[1] (See J. Order February 20, 2004.) Petitioner did not file this § 2255 motion by March 5, 2005, the date the one-year statute of limitations expired. His application was filed January 3, 2006. [Docket

---

[1] The Government argues that Petitioner's conviction became final on May 20, 2004, 90 days after the entry of judgment. (Govt. Br. at 9.) The Court has found no support for that position in this case, where no appeal was even filed. When Petitioners appeal their convictions, a judgment is final within the meaning of § 2255 on (1) the date the Supreme Court affirms the conviction and sentence, or denies the defendant's petition for certiorari; or (2) the date the defendant's opportunity to file a petition for certiorari expires, whichever is later. Kapral, 166 F.3d at 577. According to Rule 13.1 of the Supreme Court Rules, a defendant has 90 days to file a petition for writ of certiorari. Sup. Ct. R. 13. Yet Petitioner did not attempt to appeal at any time. Of course, even if the date of May 20, 2004 were deemed the date this conviction became final, the petition, filed January 3, 2006, was untimely by more than seven months.

7

Item No. 1]. Therefore, Petitioner's § 2255 motion is procedurally barred and the instant application must be dismissed.

### B. Petitioner Waived His Right to File a § 2255 Petition

Although 28 U.S.C. § 2255 generally provides prisoners with the right to collaterally attack their sentences, Petitioner waived that right in his plea agreement, so long as his sentence was no greater than the sentence available for an offense level of 34. (Plea Agrmt. at 8; see also Presentence Rep. (recommended range for Petitioner's career offender status is 262 to 362 months.) Petitioner's 84-month sentence is a fraction of that time, triggering the conditional waiver of his right to a § 2255 petition in his guilty plea. (Id.) Thus, even if Petitioner's application was not procedurally barred, he waived his right to collateral attack.

In determining whether that waiver is valid, the Court looks at the rules governing waivers of appeal. See Lopez v. United States, No. 04-4965, 2005 WL 2897490, at *3 (D.N.J. Nov. 2, 2005). The Third Circuit has ruled "waivers of appeals are generally permissible if entered into knowingly and voluntarily, unless they work a miscarriage of justice." United States v. Khattak, 273 F.3d 557, 558, 560 (3d Cir. 2001) (noting that "ten other Courts of Appeals have held that such waivers are generally valid"). In determining whether the waiver of appeal was knowing

and voluntary, Khattak held the sentencing judge's compliance with the requirements of Federal Rule of Criminal Procedure 11 "is critical." See id. at 563; see also Fed. R. Crim. P. 11.  An "error amounting to a miscarriage of justice may invalidate the waiver," but that would be an "unusual circumstance." Id. at 562.  Factors indicating such an error are its character and gravity, as well as "the impact of the error on the defendant, the impact of correcting the error on the government, and the extent to which the defendant acquiesced in the result." Id. at 563 (citing United States v. Teeter, 257 F.3d 14, 25 (1st Cir. 2001).

    Although the Third Circuit has not addressed whether the standard it established in Khattak applies equally to waivers of collateral attack, it indicated in a non-precedential opinion that it does.  See United States v. Perry, 142 Fed. Appx. 610 (3d Cir. 2005) (affirming district court's denial of a § 2255 petition based on waiver of collateral attack); see also United States v. Wilson, 429 F.3d 455, 461 n.6 (3d Cir. 2005) (refusing to decide "the effect of the provision in the plea agreement waiving the right to take a collateral appeal" while noting that "this court has not addressed that issue").  Courts in this district have routinely used Khattak to enforce such waivers. See, e.g., Sanpietro v. United States, No. 05-5550, LEXIS 88693, at *16 (D.N.J. Dec. 5, 2006) ("Khattak is equally applicable to

waivers of the right to collaterally attack a sentence pursuant to § 2255.  To hold otherwise. . . would result in a mockery of the judicial system by affording criminal defendants the benefits of plea agreements, while shielding them from their own promises made under such agreements"); Prado v. United States, No. 05-0938, 2005 U.S. Dist. LEXIS 32261, at *2 (D.N.J. June 27, 2005).

At least five other Circuit Courts have also held such waivers are permissible.  See, e.g., United States v. Cockerham, 237 F.3d 1179, 1183 (10th Cir. 2001) (concluding that "a waiver of collateral attack rights brought under § 2255 is generally enforceable where the waiver is expressly stated in the plea agreement and where both the plea and the waiver were knowingly and voluntarily made"); United States v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994) (same); Watson v. United States, 165 F.3d 486, 488-89 (6th Cir. 1999) (same); Mason v. United States, 211 F.3d 1065, 1069 (7th Cir. 2000) (same); United States v. Pruitt, 32 F.3d 431, 433 (9th Cir. 1994) (same).  Thus, the Court is convinced that the Khattak standard for waivers of appeal applies to waivers of collateral attack.

Petitioner makes no allegation that he misunderstood the nature or the effect of the waiver provision, nor that there has been a miscarriage of justice.  His sparse form brief merely argues his sentence was "based on facts which were not stipulated to by Petitioner, nor found by a jury."  (Pet'r. Br. at 4.)

10

Petitioner signed both his plea agreement (Plea Agrmt. at 7) and a Rule 11 Form (Govt. Ex. 2), which clearly state that his plea waives the right to collateral attack.  He so testified, under oath, to a knowing and voluntary waiver of the right to petition for § 2255 relief, as to which he had discussed this waiver with counsel before agreeing to it.  The record demonstrates that the Court took all reasonable steps to ensure that Petitioner's § 2255 waiver was knowing and voluntary.  (See Plea Hr'g Tr.)  Petitioner has made no assertion to the contrary, at that time or in the more than three years since his conviction.

Because this Court finds Petitioner's waiver of post-conviction relief was both knowing and voluntary, and finds no miscarriage of justice, his application will be dismissed.

**C. Petitioner's Substantive Claim Fails Under Booker**

Even if Petitioner had not waived his right to file a § 2255 motion, and Booker applied retroactively,[2] the instant application would be denied on the merits.  In Booker, the Supreme Court held that enhancing factors used to support a sentence exceeding the maximum recommended by the Federal Sentencing Guidelines must be admitted by the defendant or proved

---

[2] As discussed supra, Booker is not applicable to a Petitioner whose conviction became final before Booker was decided.  The Third Circuit Court of Appeals has held that Booker does not apply retroactively.  See In re Olopade, 403 F.3d 159, 162 (3d Cir. 2005); Lloyd v. United States, 407 F.3d 608 (3d Cir. 2005). Petitioner's conviction became final on May 20, 2004, while Booker was decided on January 5, 2005.

11

to a jury beyond a reasonable doubt.  <u>Booker</u>, 544 U.S. at 244. In this case, Petitioner stipulated in his plea agreement that the amount of cocaine base attributable to him for sentencing purposes resulted in a Base Offense Level of 34.  <u>See</u> U.S.S.G. § 2D1.1; (Plea Agrmt at 8.)  For his criminal history category status as a career offender, the sentence recommended by the Guidelines was 262 to 327 months imprisonment.  (Presentence Rep. ¶ 155.)  He ultimately received a sentence of 84 months.  (J. Order.)  Thus, Petitioner's claim falls outside the scope of <u>Booker</u> because his sentence is significantly below the maximum authorized by the facts stipulated in his plea agreement. Although Petitioner's judgment and conviction occurred before <u>Booker</u> was decided, the new requirements established in the case were nevertheless satisfied, and Petitioner's motion to vacate his sentence in light of <u>Booker</u> would fail on the merits.

**IV. <u>CONCLUSION</u>**

For the reasons discussed above, Petitioner's § 2255 habeas corpus application to vacate, set aside, or correct his sentence will be dismissed due to the procedural bar and his waiver of the right to seek such post-conviction relief.  The accompanying Order will be entered.

**July 9, 2007**             **s/ Jerome B. Simandle**
Date                         JEROME B. SIMANDLE
                             United States District Judge

12